IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Steven Carl Thomas-Winfrey,<br><br>     Petitioner,<br><br>  vs.<br><br>State of South Carolina; Warden Anthony; Henry McMaster, Attorney General of SC; and SC General Assembly,<br><br>     Respondents. | Civil Action No. 8:03-3783-HFF-BHH<br><br>**REPORT AND RECOMMENDATION** |

  The petitioner, a state prisoner proceeding *pro se*, has filed a Motion for Injunction. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the motion has been referred to this magistrate judge to submit findings and recommendations to the District Court.

  Under *Houston v. Lack*, 487 U.S. 266 (1988), the petitioner commenced this action on November 9, 2003. The petitioner attacked his classification as a sex offender under the South Carolina Sex Offender Registry Act (the "Act"). *See* 1994 S.C. Acts 5129, 5794-99, codified at S.C. Code Ann. § 23-3-400 to § 23-3-490. On July 14, 2005, the undersigned filed a Report recommending that this Court grant to the petitioner a declaratory judgment under 28 U.S.C. § 2201 that mandatory sex offender registration by the petitioner pursuant to the Act, by reason of his five 1992 kidnapping convictions, would violate Article I, Section 10 of the United States Constitution. It was also recommended that this Court enter an order granting the petitioner leave to seek enforcement of the declaratory judgment by injunction under 28 U.S.C. § 2283, if necessary. The respondents filed no objections to the Report. On August 19, 2005, the Honorable Henry F. Floyd,

United States District Judge for the District of South Carolina, entered an order adopting the Report. On August 22, 2005, judgment was entered for the petitioner.

On September 19, 2005, petitioner filed his Motion for Injunction. The motion was referred to the undersigned. On November 22, 2005, after the undersigned granted motions for extension, the respondents filed their response to the motion.

In his motion, petitioner seeks a sweeping directive that would require the respondents to expunge all administrative records relating to the Sex Offender classification that was challenged in this action and to refrain from referring to that classification in the future. This Court is asked to enjoin unnamed agencies of the United States government as well as the South Carolina Department of Probation, Parole and Pardon (SCDPPP) from applying or referring to the Act with regard to the petitioner, expunging any records that may already exist. The petitioner's motion does not allege any specific actions being taken by the respondents contrary to this Court's Order, nor are any facts stated which might suggest such actions are imminent.

For their part, the respondents have pledged to proceed in a manner consistent with the Order of this Court. SCDPPP disavows any application of the Act to the petitioner, noting that because registry under the Act is a post-release condition, it is not a factor in any decisions made by the department. SCDPP, however, reserves the right to "use all relevant facts and circumstances of an inmates [sic] crimes in rendering decisions." (resp. return at 2.)

The petitioner's motion goes beyond the issues actually presented and decided by this Court in the present action. This Court has ruled that mandatory sex offender registration of the petitioner under the Act, by reason of his five 1992 kidnapping convictions, violates Article I, Section 10 of the United States Constitution. Simply stated, the respondents cannot enforce the Act against the petitioner because of his 1992 kidnapping convictions. The "enforcement" mechanism is easily discovered in the statute

itself. The Act contains two enforcement provisions: (1) §23-3-470 (penalties upon conviction for failure to register or provide required notifications); and (2) § 23-3-475 (penalties upon conviction for giving false information in registering). "Conviction" under the Act necessarily implies a charge being filed and a court proceeding to establish that a defendant failed to register or provide notification (§ 23-3-470) or provided false information (§ 23-3-475). In other words, under the Act, an individual who is required to register as a sex offender but who fails to do so (or who gives false information in registering) may be criminally charged for the failure to do so or for providing the false information.

Under 28 U.S.C. § 2283, this Court is authorized to stay state court proceedings only in very limited circumstances, one of which is "to protect or effectuate its judgments." Unless and until the respondents charge or seek to convict the petitioner under §23-3-470 or § 23-3-475, there is no violation of this Court's Order to be enjoined. In reply to the petitioner's motion, the respondents have disavowed any such enforcement action. In asserting that the petitioner's motion is unnecessary, the respondents are correct. By asking this Court to direct that existing records be expunged and/or that future records be maintained in a specific manner, the petitioner in effect seeks a Writ of Mandamus. Such relief is clearly not contemplated by the Judgment heretofore entered in this action.

It is recommended that the petitioner's Motion for Injunction be denied. The parties' attention is directed to the notice on the next page.

s/ Bruce H. Hendricks  
United States Magistrate Judge

December 12, 2005  
Greenville, South Carolina